Christian E. Mammen (State Bar No. 188454)
Chris.Mammen@wbd-us.com
Carrie Richey (CA Bar No. 270825)
Carrie.Richey@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
201 California Street, Floor 17
San Francisco, CA 94111
Tel.: 415-765-6267
Fax: 415-433-5530

Attorneys for Plaintiff INNEOS LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **INNEOS LLC**, A California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> **OPTICIS CO., LTD.**, A public Korean company, and **OPTICIS USA LLC**, A New Jersey limited liability company, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

1

COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Inneos LLC ("Inneos" or "Plaintiff") files this Complaint for patent infringement against Defendants Opticis Co., Ltd. ("Opticis Korea") and Opticis USA LLC ("Opticis USA") (collectively, "Opticis" or "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement of United States Patent No. 7,198,416 ("the '416 Patent") under the United States Patent Laws, 35 U.S.C. § 1 *et seq.* Over the past two decades, Inneos has developed innovative technologies that make it possible to transmit multiple digital signals over a single strand of fiber optic cable. The '416 Patent covers one such innovation used in the optical sub-assembly ("OSA") components incorporated into a wide range of industrial and consumer products. Inneos' OSA development eliminated the need for multiple fiber optic strands to transmit the same amount of data and resulted in reduced bulk and cost for those implementations. Inneos sells and/or licenses its OSA components to original equipment manufacturers for use in, *inter alia,* the video and data networking markets. For its part, Opticis sells both standalone OSAs as well as various finished products that incorporate OSA components, or "modules." One such Opticis module is the DVFX-100, One Fiber Detachable Module. Opticis' OSA components infringe one or more claims of the '416 Patent. Opticis has known about the '416 Patent since at least 2013, when Inneos notified Opticis of the '416 Patent. It appeared that, for a time after Inneos' notice letter, Opticis refrained from selling infringing OSAs and related products in the United States. However, Opticis has recently resumed its efforts to market and sell infringing OSAs and related products in the United States, making this lawsuit necessary.

2. Inneos seeks to recover damages for Opticis' wrongful conduct and to enjoin, preliminarily and permanently, Opticis' continuing willful infringement.

///

///

# PARTIES

3. Inneos is a limited liability company formed under the laws of California with a principal place of business at 5700 Stoneridge Drive, Suite 200, Pleasanton, California 94588.

4. Upon information and belief, Opticis Korea is a corporation organized under the laws of the Republic of Korea and headquartered at 305 Sanseong-daero, 3rd floor of Sambournesang Park II, Sujeong-gu, Seongnam-si, Gyeonggi-do, South Korea.

5. Upon information and belief, Opticis USA is a limited liability company organized under the laws of New Jersey and with a principal place of business at 17752 Skypark Circle, Suite 230, Irvine, California 92614.

# JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction over this action under at least 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has specific personal jurisdiction over Opticis Korea because, upon information and belief, Opticis Korea participates in and purposefully directs its subsidiary, Opticis USA, to infringe the '416 Patent. Additionally and/or in the alternative, upon information and belief, this Court has personal jurisdiction over Opticis Korea because of an agency relationship established between it and Opticis USA.

8. This Court has personal jurisdiction over Opticis USA because, upon information and belief, Opticis USA's principal place of business is located in this state, through which it markets and sells or has marketed or sold the infringing products described herein.

9. Additionally and/or in the alternative, this Court has personal jurisdiction over Opticis because, upon information and belief, Opticis has marketed

COMPLAINT FOR PATENT INFRINGEMENT

and sold infringing products described herein to customers in this State and this District.

10. Venue is proper in this District under 28 U.S.C. § 1400(b) because, upon information and belief, Opticis USA has a regular and established place of business in this District at 17752 Skypark Circle, Suite 230, Irvine, California, and because Opticis USA has committed acts of infringement in this District. Additionally, upon information and belief, venue is proper in this District under 28 U.S.C. § 1400(b) because Opticis Korea directs and controls Opticis USA at its regular and established place of business in this District and has caused Opticis USA to commit acts of infringement in this District, and/or because Opticis Korea has committed acts of infringement in this District.

11. Additionally, venue is proper over Opticis Korea in this District under 28 U.S. C. §1391(c)(3) because defendants that are not United States residents may be sued in any judicial where personal jurisdiction is established.

## FACTS

### Development of the Patented Technology

12. Inneos is a U.S.-based developer and manufacturer of high-speed optoelectronic modules and components marketed to original equipment manufacturers and system integrators in the video and data networking markets.

13. Inneos began as a start-up in 1998 (then called Blaze Network Products) to develop a novel, cost-effective approach to manufacture multi-channel optics. Multi-channel optics transmit multiple wavelengths (*e.g.*, colors) of light down a single strand of fiber optic cable, where each wavelength acts as its own channel for carrying data without interference with other channels on the same strand of fiber optic cable. At a time when most products in the market transmitted only one color of light per fiber strand, thereby requiring the use of several strands of fiber optic cable to achieve high bandwidth performance, Inneos' products enabled consumers

COMPLAINT FOR PATENT INFRINGEMENT

to use only one strand to achieve similar performance, thereby reducing the cost, weight, and complexity of fiber optic cabling.

14. Starting in 1999, Inneos invested significantly in its research and development team to develop and patent cutting-edge multi-channel technology, including a way to integrate several discrete optic components into an OSA. Inneos' investment resulted in an increase in the cost-effective availability of fiber optics for a number of major technology industries, including medical, aerospace, and consumer electronics.

15. In 2005, leveraging its hands-on experience in manufacturing and deploying its original design, Inneos developed a new OSA design that further reduced the cost of fiber optic connectors by eliminating and integrating several additional optical components, including the expensive filters that helped manage the different colors used in earlier versions of this multi-channel technology. Inneos filed the application leading to the '416 Patent on January 27, 2005. Inneos (then called Aduro) was acquired via an asset sale by Omron Network Products LLC in 2006; in 2013, the company, now called Inneos, spun off from Omron.

## The Asserted Patent

16. The '416 Patent, entitled "Optical Combiner Device," issued on April 3, 2007. Inneos is the owner by assignment of all rights, title, and interests in and to the '416 Patent, including all rights to bring actions and recover damages for infringement thereof. A true and correct copy of the '416 Patent is attached as **Exhibit A**.

17. The inventions claimed in the '416 Patent cover an efficient, compact, and cost-effective optical sub-assembly device used to transmit multiple wavelengths of light across a single optical fiber for use in various technologies, including data communications and video systems. In particular, the '416 Patent combines multiple optical signals without wasteful divergence or reflection of light,

COMPLAINT FOR PATENT INFRINGEMENT

making it possible to transmit information across a single optical fiber at a higher bandwidth and a lower cost.

18. As a result of Inneos' investment in the invention claimed in the '416 Patent, fiber optics have become more accessible across industries, including in the medical, aerospace, and consumer electronics industries, and demand for low-cost, high-bandwidth optical fiber technology has grown substantially.

### Opticis' Copying and Infringing Conduct

19. Like most others in the market, Opticis' primary technology for high bandwidth solutions had been based on the expensive, heavy, and complex use of multiple strands of single-color (or single-wavelength) fiber optics. But with Inneos' new technology now available, demand migrated toward affordable and efficient single fiber optic cable.

20. From 2007 to 2010, Opticis engaged Inneos (then operating as Omron) in technical discussions about Inneos' products and technology, and procured from Inneos several hundred samples of Inneos' multi-channel OSAs.

21. Rather than compete fairly with Inneos in the marketplace, Opticis copied Inneos' innovative single-fiber optic cable technology and sold OSAs and modules incorporating that technology as their own.

22. Consistent with this course of conduct, Opticis infringes the '416 Patent. The accused products in this action include Opticis' OSAs (including without limitation those identified in **Exhibit B** hereto), whether offered or sold alone or incorporated into modules or other products (collectively, "Accused Products"). By way of example, Opticis' products incorporating the infringing OSAs include at least the DVFX-100, One Fiber Detachable DVI Module and the DPFX-300.

23. Armed with Inneos' patented technology, including at least the technology covered by the '416 Patent, Opticis began to compete directly with Inneos in the same market for customers seeking cost-effective, high-speed optical communications products.

24. Upon information and belief, Opticis began selling and/or offering for sale the Accused Product before at least November 2013.

25. Opticis has known about the '416 Patent and its infringement thereof since at least November 25, 2013, when Opticis received a letter from Inneos (doing business as Omron) identifying the '416 Patent and the aspects of the Accused Product that meet at least one of the claims of the '416 Patent.

26. On information and belief, after receiving the November 2013 letter, Opticis temporarily stopped selling and marketing products in the United States that include the infringing OSAs.

27. However, Inneos has recently learned that, on information and belief, Opticis has again commenced selling and marketing the Accused Products in the United States. Opticis' infringing conduct competes directly with Inneos' own single-fiber OSA technology, and has caused and is causing actual, imminent, and irreparable harm to Inneos.

28. In view of at least Opticis' ongoing infringement despite having received notice thereof, Opticis' infringement is deliberate, willful, and knowing, with conscious disregard of Inneos' rights, entitling Inneos to enhanced damages.

29. Opticis' infringement is causing irreparable harm and monetary damages to Inneos, entitling Inneos to both monetary damages and preliminary and permanent injunctive relief.

## COUNT I: INFRINGEMENT OF THE '416 PATENT
## UNDER 35 U.S.C. § 271

30. Inneos incorporates by reference the allegations contained in the foregoing paragraphs as though fully stated herein.

31. Opticis and/or its customers and end users directly infringe one or more claims of the '416 Patent under 35 U.S.C. § 271(a), including at least Claim 1, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Accused Products in the United States without

7

permission or license from Inneos. A preliminary, exemplary claim chart comparing exemplary Accused Products to claim 1 of the '416 Patent, is attached as **Exhibit B**.

32. By way of example only and not limitation, Claim 1 of the '416 Patent claims:

> 1. An optical combiner usable in data communication systems for multiplexing the outputs of a plurality of n lasers wherein each of said n outputs has a different output wavelength, for transmission into and through a stopped single optical fiber, comprising:
>
> a plurality of n collimating lenses, said lenses being spaced apart and positioned to receive and collimate the output of said n laser output beams, said n laser output beams have n different wavelengths, and
>
> focusing means for focusing said n collimated output beams onto a single spot at said stopped single optical fiber, said focusing means having n separate radial sectors on its surface, and each of said n collimated beams passes through a separate one of said n sectors of said focusing means whereby said n output beams having n different wavelengths are coupled into said single fiber.

33. The Accused Products meet each element in at least Claim 1 of the '416 Patent, as illustrated in **Exhibit B**.

34. A number of Opticis' modules and end products incorporate the infringing OSA. For example, Opticis advertises on its website – www.opticisusa.com/dvi – that the DVFX-100-TR transmits "uncompressed WUXGA [widescreen ultra extended graphics array] (1920x1200) 60Hz and 2K

8

COMPLAINT FOR PATENT INFRINGEMENT

resolution of DVI [digital visual interface] signal up to 500m (1640ft) over one (1) SC [square connector] multi-mode fiber." In other words, the DVFX-100-TR is used in data communication systems for transmitting a certain quality of various visual data over a single optical fiber designed to carry multiple light rays. *See*, *e.g.*, https://www.opticisusa.com/dvfx-100-tr (as accessed Jan. 20, 2023). *See also* **Exhibit B**.

35. Upon information and belief, Opticis also indirectly infringes the '416 Patent under 35 U.S.C. § 271(b) and/or (c). Opticis induces the infringement of the '416 Patent by its customers and end users in the United States as discussed above under 35 U.S.C. § 271(b) by directing, instructing, and encouraging customers and end users to use the Accused Products, for example, as instructed, described, and encouraged in the "1-Fiber Detachable DVI module, DVFX-100 User's Manual," ("DVFX-100 User Manual") available on Opticis' website, and attached as **Exhibit C** and/or the "User's Manual for the DPFX-300-TR" ("DPFX-300 User Manual") available on Opticis' website, and attached as **Exhibit D**. Opticis knows that the DVFX-100 and DPFX-300 infringe the '416 Patent. Opticis has had knowledge of the '416 Patent since at least November 25, 2013, and Opticis knew or should have known that the use of the Accused Products by its customers and end users directly infringes the '416 Patent.

36. Upon information and belief, Opticis has made and is continuing to make unlawful gains and profits from its infringement of the '416 Patent.

37. As detailed above, Opticis has continued its infringement despite having knowledge of the '416 Patent and Inneos' infringement claims.

38. Opticis' infringement has caused and will continue to cause Inneos irreparable harm, for which there is no adequate remedy at law, unless Opticis' infringing activities are preliminarily and permanently enjoined by this Court.

39. Opticis' infringement has also caused monetary damages to Inneos in an amount to be determined at trial.

9

COMPLAINT FOR PATENT INFRINGEMENT

**PRAYER FOR RELIEF**

WHEREFORE, Inneos respectfully requests that:

A. Opticis be adjudged by this Court to have directly, indirectly, and/or contributorily infringed one or more claims of the Asserted Patent under 35 U.S.C. § 271;

B. This Court enter preliminary and permanent injunctions pursuant to 35 U.S.C. § 283 preventing continuing infringement of one or more claims of the Asserted Patent by Opticis, its officers, agents, employees, attorneys, representatives, and all others acting in concert therewith;

C. Opticis be adjudged by this Court to have willfully infringed one or more claims of the Asserted Patent from the time Opticis became aware of the infringing nature of its conduct, and that Inneos be awarded treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D. The Court find the Asserted Patent valid and enforceable;

E. Opticis be ordered by this Court to account for and pay Inneos damages pursuant to 35 U.S.C. § 284;

F. This case be deemed exceptional and Inneos be awarded interests, costs, expenses, and reasonable attorneys' fees for this suit as provided by 35 U.S.C. § 285; and

G. Inneos be awarded such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Inneos respectfully requests a trial by jury of any issues so triable.

Respectfully submitted,

COMPLAINT FOR PATENT INFRINGEMENT

1 | Date: January 30, 2023

*By:/s/ Christian E. Mammen*
   Christian E. Mammen

Christian E. Mammen (State Bar No. 188454)
Chris.Mammen@wbd-us.com
Carrie Richey (CA Bar No. 270825)
Carrie.Richey@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
201 California Street, Floor 17
San Francisco, CA 94111
Tel.: 415-765-6267
Fax: 415-433-5530

Attorneys for Plaintiff INNEOS LLC

COMPLAINT FOR PATENT INFRINGEMENT